IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAFAEL DOMÍNGUEZ RODRÍGUEZ,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CIVIL NO.: 19-1846 (MEL)

**OPINION AND ORDER**

On February 6, 2020, judgment was entered remanding this case to the Commissioner of Social Security for further administrative proceedings pursuant to the fourth sentence of Title 42, United States Code, Section 405(g). ECF No. 18. On May 1, 2020, counsel Pedro G. Cruz-Sánchez ("Cruz-Sánchez") filed a motion for attorney's fees for the sum of $1,744.62 pursuant to the Equal Access to Justice Act (EAJA), Title 28, United States Code, Section 2412. ECF No. 19. In support of this motion, Cruz-Sánchez submitted a time sheet totaling 8.5 hours of work. ECF No. 19-1. Eventually, as informed by the Commissioner of Social Security, Cruz-Sánchez consented to a negotiated fee of $1,544.62. ECF No. 20. As a result, EAJA fees were awarded in the amount of $1,544.62. ECF No. 21. Cruz-Sánchez, however, has informed that he only actually "received $616.62 in EAJA fees because the government applied $928.00 to an old debt of the Plaintiff." ECF No. 27 at 2.

Pending before the court is Cruz-Sánchez's petition for attorney's fees in the amount of $10,000.00 pursuant to Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b) filed on March 18, 2022. ECF Nos. 24. Based on Cruz-Sánchez's representations that he received on March 1, 2022 for the first time via facsimile various Notices of Award for plaintiff and his

auxiliaries dated November 29, 2020, the Commissioner of Social Security has conceded that "the Section 406(b) petition appears to be timely." ECF Nos. 31at 4; *see also* ECF No. 24-2.[1]

Cruz-Sánchez petition for attorney's fees pursuant to section 406(b) for the sum of $10,000.00 does not exceed 25% of plaintiff's and his family's past-due Social Security benefits as specified in the Notice of Award. ECF Nos. 24; 24-2.[2] Although Local Rule 9 requires that a request for attorney's fees under section 406(b) must include, among other matters, "[a]n itemization of the time expended by counsel representing plaintiff in federal court, including a statement as to the effective hourly rate …, calculated only for the purpose of determining whether the requested fee is a windfall", such statement is not included in Cruz-Sánchez's petition for §406(b) fees. However, the court will take into account the time sheet provided by plaintiff's counsel when he submitted his request for EAJA fees, indicating a total amount of time spent of 8.5 attorney hours. ECF No. 19-1. Thus, the *de facto* rate, when taking into account the petition for $10,000.00 in fees and the 8.5 hours expended, is $1,176.47 per hour.

The *de facto* rate, however, is not the only factor taken into consideration. In the end, court's inquiry makes an assessment as to the reasonableness of the petition for attorney's fees.[3] Another factor to be placed into the equation, for example, is that there is no indication that counsel's conduct has been improper or that his representation was substandard. The court has also evaluated a list of variables highlighted by Cruz-Sánchez in support of his petition. *See,*

---

[1] Local Rule 9 of this court, amended on February 28, 2022, provides in its pertinent part that "[a] party seeking attorneys' fees pursuant to 42 U.S.C. §406(b) shall have thirty (30) days after counsel's receipt of the original, amended, or corrected Notice of Award, or the Social Security Correspondence sent at the conclusion of the Agency's past-due benefit calculation, stating the amount withheld."

[2] Although on the first page of the petition Cruz-Sánchez requests $10,000.00 in Section 406(b) fees, on the prayer for relief he seeks $20,000.00. ECF No. 24 at 1, 10. However, in a subsequent informative motion Cruz-Sánchez clarified that he is seeking $10,000.00 in Section 406(b) fees. ECF No. 27.

[3] Cruz-Sánchez attaches to his petition declarations from other attorneys and decisions from other courts regarding attorney's fees in Social Security cases. ECF Nos. 24-4, 24-5, and 24-6. Each case, however, must be evaluated individually, taking into account multiple factors, and while it may be reasonable to fully award 25% of past-due Social Security benefits in attorney's fees in a particular case, that is not automatically always the case.

ECF No. 24, at 4-5. Nevertheless, Cruz-Sánchez's request for $10,000.00 in attorney's fees is excessive, particularly taking into account that in this case the Commissioner of Social Security filed a consent motion to remand (ECF No. 16), thus sparing plaintiff from having to file a detailed memorandum in support of the request to reverse the decision of the Commissioner of Social Security. "Within the 25 percent boundary … the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered" and not "inordinately large." *Gisbrecht v. Barnhart,* 535 U.S. 789, 805-807 (2002). Although here Cruz-Sánchez's petition is less than 25% of the awarded past-due Social Security benefits, the sum of $10,000.00 requested is not reasonable, not only because of the excessive *de facto rate*, but also because, among other matters, prior to the judgment entered by the court remanding this case to the Commissioner of Social Security, plaintiff's counsel did not have to write a single motion or pleading that exceeded two pages in length. ECF Nos. 1, 2, 3, 4, 5, 12. Moreover, none of those succinct filings contain any legal analysis and some rely on boilerplate templates.

Therefore, Cruz-Sánchez's request for attorney's fees under Section 406(b) is GRANTED IN PART AND DENIED IN PART. Attorney's fees under Section 406(b) are awarded for the sum of $4,750.00. Cruz-Sánchez is ordered to, within seven days of receipt of the 406(b) fees, refund plaintiff Rafael Domínguez Rodríguez the EAJA fees paid to him pursuant to EAJA.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 12th day of October, 2022.

s/Marcos E. López  
U.S. Magistrate Judge